IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **ROMELL LAMONT SMITH,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| VS. : | |
| : | CIVIL No: 7:15-CV-0095-HL-TQL |
| **Warden MARTY ALLEN, et al,** : | |
| : | |
| **Defendants** : | |

## ORDER

Plaintiff Romell Lamont Smith, an inmate currently confined at Valdosta State Prison in Valdosta, Georgia, has filed a *pro se* civil rights action seeking relief under 42 U.S.C. § 1983. The Court has now conducted a review of Plaintiff's Amended Complaint (ECF No. 1 & 7), as required by 28 U.S.C. § 1915A(a), and finds that Plaintiff has failed to state a viable claim for relief. His Complaint is accordingly **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1).

### I. Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed"

by the court.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).  To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56(2007).  The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence to prove a claim.  *Id*.  "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

## II.     Plaintiff's Complaint

The present action arises out of Plaintiff's confinement at Valdosta State Prison.  In his Amended Complaint (ECF No. 7), Plaintiff alleges that Officers Wright and Firyermirer moved him to a top bunk despite the fact that Plaintiff had been given a bottom bunk profile.  The following day, Plaintiff fell from the top bunk, hitting his head, back, shoulders, legs, and elbows on a concrete floor.  Plaintiff claims that his whole body then went "numb" and that he was unable to move.  Officers Johnson, Wright, and Firyeirmirer apparently observed Plaintiff laying on the floor but "walked off."  Officer Moore subsequently entered Plaintiff's room, observed him laying on the floor, and called for medical.  Nurses Dixon and Booth later arrived and stated "[A]in't nothing wrong with him[;] yall can close that door."

Plaintiff later filed grievances about both events. Defendant Allen responded to the first, acknowledging that Plaintiff did in fact have a bottom bunk profile and was incorrectly assigned to a top bunk. (ECF No. 1-1 at 2). Allen also stated that the issue was addressed and corrective action would be taken. (*Id.*) It appears that Plaintiff was unsuccessful on his second grievance, however. A witness statement attached to his complaint, signed by the health services administrator, states that Plaintiff was seen by medical on January 7, 2015, and had not requested any further medical treatment as of February 4, 2015. (*Id.* at 7).

Plaintiff has now filed the present action alleging that Officer Wright, Officer Firyermirer, Lieutenant Johnson, Mrs. Moore, Nurse Dixon and Nurse Booth violated his rights guaranteed by the Eighth Amendment. Plaintiff's original Complaint also names Marty Allen, Mrs. Marslis, Counselor Stappleton, Officer Orr, and Lieutenant Mannie as defendants in the case, but his Recast Statement of Claims (ECF No. 7) does not make any allegations against them. Because Plaintiff did not make any allegations against these individuals, they are **DISMISSED** from this action. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008). Plaintiff's allegations also fail to state a claim against the remaining defendants.

1. Claim for Deliberate Indifference to Safety

In his Complaint, Plaintiff first alleges that Officer Wright and Firyermirer moved him to a top bunk despite the fact he had been issued a bottom bunk profile. This singular allegation, however, is not sufficient to state an Eighth Amendment claim for deliberate indifference. "To establish a defendant's deliberate indifference, the plaintiff has to show

3

that the defendant had (1) subjective knowledge of a risk of serious harm; [and] (2) disregard[ed] ... that risk; (3) by conduct that is more than mere negligence." *Cagle v. Sutherland*, 334 F.3d 980, 987 (11th Cir. 2003) (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (internal quotations omitted).

Here, there is nothing in Plaintiff's allegations to show that Defendants were personally aware of Plaintiff's bottom bunk profile when he was moved; Plaintiff does not even allege that he objected at the time or that he told Defendants about the profile. There is likewise no allegation that Defendants otherwise disregarded a serious risk of harm of which they were aware or that that their failure to comply with the profile was anything more than mere negligence. *See id.* These claims are thus **DISMISSED** without prejudice for failure to state a claim.

2. Claim for Denial of Medical Care

Plaintiff also attempts to state an Eighth Amendment claim for denial of medical care against Officer Wright, Officer Firyermirer, Lieutenant Johnson, Mrs. Moore, Nurse Dixon and Nurse Booth. To state a claim for inadequate medical care under the Eighth Amendment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A plaintiff must therefore allege facts to show that he had an "objectively serious medical need" – i.e., one that, if left unattended, poses a substantial risk of serious harm. *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000).

Here, Plaintiff's Complaint does not include any facts to show that his injury was sufficiently serious to warrant Eighth Amendment protection. Although he alleges that he

4

felt "numb" immediately after the fall and could not move, he does not state whether he actually required medical treatment to recover from his injuries. Nor does he claim to still suffer from any resulting injury. The allegations thus fail to show that Plaintiff suffered an injury that, if left unattended, posed a substantial risk of serious harm. Claims of bumps, bruises, and temporary numbness after a fall, without more, will not support an Eighth Amendment claim. *C.f., Kron v. LeBlanc*, 2012 WL 4563957, at *19 (E.D. La. Oct.1, 2012) ("abrasions, bruises, mental anguish, swelling, lacerations and a reopened surgical incision that healed on its own within two weeks" did not constitute a serious medical need for constitutional purposes); *Lockett v. Suardini*, 526 F.3d 866, 877 (6th Cir.2008) ("minor lacerations and cuts" and soreness in two fingers, which were no longer obvious upon medical examination within 24 hours after altercation, were not serious medical needs). Plaintiff's claims for denial of medical care are thus also **DISMISSED** without prejudice.

### III. Conclusion

For those reasons stated herein, Plaintiff's Complaint shall be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

_____

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Despite the dismissal of his Complaint, Plaintiff remains obligated to pay the full amount of the $350.00 filing fee using the payment plan described in 28 U.S.C. § 1915(b). For this reason, the Clerk of Court is **DIRECTED** to send a copy of this Order to the

business manager of the facility in which Plaintiff is currently confined.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is **DIRECTED** to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit. If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee. Collection from Plaintiff of any balance due by any means permitted by law is authorized in the event Plaintiff fails to remit payment.

**SO ORDERED**, this 11th day of August, 2015.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**